UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

AMENDED
CIVIL RIGHTS COMPLAINT FORM

William J. Fussell, Jr.
DC# 035512

_(Enter full name of each Plaintiff and prison number, if applicable)_

v.

Earice Ray Rhoden, Jr.
Ernie Cole

_(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right)._

CASE NUMBER: 3:10 cv 193 J 32 JRK
(To be supplied by Clerk's Office)

FILED 2010 DEC 27 PM 2:09 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FL JACKSONVILLE

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I. PLACE OF PRESENT CONFINEMENT: Union Correctional Institution
(Indicate the name and location)
7819 NW 228th Street, Raiford, Florida 32026

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (X)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions] Not Applicable.

DC 225 (Rev. 9/03)   1

RECEIVED
UNION CORRECTIONAL INSTITUTION
DEC 2 2 2010
BY_____
FOR MAILING

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:</u>

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions:</u>

A. <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No ( )  Not Applicable.

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes ( ) No ( )  Not Applicable.

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )  Not Applicable.

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. <u>Informal Grievance</u> (Request for Interview)  Not Applicable.

DC 225 (Rev. 9/03)                              2

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( ) Not Applicable.

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( ) Not Applicable,

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( ) Not Applicable,

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
Yes ( ) No ( ) Not Applicable.

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _____.

_____Not Applicable_____
Signature of Plaintiff

DC 225 (Rev. 9/03)    3

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (X)   Not Applicable

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )   N/A

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )   Not Applicable

C. If your answer is YES:

   1. What steps did you take? __Not Applicable__

   2. What were the results? __Not Applicable__

   3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: __Not Applicable__

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2_____.

__Not Applicable__
Signature of Plaintiff

DC 225 (Rev. 9/03)                                      4

IV.   PREVIOUS LAWSUITS:

   A.  Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

   B.  Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

   C.  If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:

      Plaintiff(s): _____Not Applicable_____

      Defendant(s): _____Not Applicable_____

   2. Court (if federal court, name the district; if state court, name the county):

      _____Not Applicable_____

   3. Docket Number: _____Not Applicable_____

   4. Name of judge: _____Not Applicable_____

   5. Briefly describe the facts and basis of the lawsuit: _____

      _____Not Applicable_____

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

      _____Not Applicable_____

   7. Approximate filing date: _____Not Applicable_____

   8. Approximate disposition date: _____Not Applicable_____

   D.  Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev. 9/03)                                    5

_____

_____

_____Not Applicable_____

_____

V.  **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.  Name of Plaintiff: William J. Fussell Jr., DC# 035512

   Mailing address: Union Correctional Institution, 7819 NW 228th Street, Raiford, Florida 32026

B.  Additional Plaintiffs: _____

   _____Not Applicable_____

   _____

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.  Defendant: Earice Ray Rhoden, Jr.

   Mailing Address: 76001 Bobby Moore Cir., Yulee, Florida 32097

   Position: Officer of Nassau County, Florida

   Employed at: Nassau County Sheriff's Department

D.  Defendant: Ernie Cole

   Mailing Address: 76001 Bobby Moore Cir., Yulee, Florida 32097

   Position: Officer of Nassau County, Florida

   Employed at: Nassau County Sheriff's Department

DC 225 (Rev. 9/03)                     6

E. Defendant: _____

   Mailing Address: _____
   _____ Not Applicable _____

   Position: _____

   Employed at: _____

F. Defendant: _____

   Mailing Address: _____
   _____ Not Applicable _____

   Position: _____

   Employed at: _____

G. Defendant: _____

   Mailing Address: _____
   _____ Not Applicable _____

   Position: _____

   Employed at: _____

VI. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

The Plaintiff alleges that Officers Earice Ray Rhoden, Jr. and Ernie Cole, of Nassau County, violated the Plaintiff's constitutional rights under the 4th Amendment to the U.S. Const., when each officer violated Plaintiff's plain right to be free from excessive force during the course of an arrest.

VII. **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

At approximately 5:15 pm, on December 29, 2008, the Plaintiff herein, William J Fussell, exited his residence, located at 44738 Pinebreeze Circle, Callahan, Florida 32011, and with his dog, entered his vehicle; a half-ton pickup truck. Upon starting his truck and pulling out into traffic on Pinebreeze Circle, the Plaintiff's dog began worrying a small bag of trash located on the truck's floor. Plaintiff grabbed the bag of trash away from his dog and threw it out

Statement of Facts, continued:

of the truck's window. The Plaintiff continued driving on Pinebreeze Circle until he reached the intersection of Pinebreeze on U.S. 1, whereupon he executed a stop before turning left onto U.S. 1. The Plaintiff continued on U.S. 1 until he reached 5th Street then executed a right turn on 5th. The Plaintiff continued on 5th until he reached Lem Turner Rd. where he stopped before turning right on Lem Turner. For the first time, while driving down Lem Turner, the Plaintiff observed the flashing lights of a police or emergency vehicle, but not hearing a siren, thought nothing amiss, continued on Lem Turner. Upon reaching Lem Turner and Dembush Rd. the Plaintiff lost control of his vehicle and crashed into some woods; coming to a stop by hitting a large tree.

At this point the Plaintiff exits his truck, dazed from the impact and deployment of the trucks' air bags, assessing himself and the truck for damages. While standing outside of his truck a police vehicle driven by Officer Earice Ray Rhoden, Jr. pulled up behind my truck. Officer Rhoden approached me with his gun pointed, instructed me to step away

**Statement of Facts, continued:**

from my truck and to put my hands up in the air. I complied. Once away from my truck Officer Rhoden instructed me to turn around, so that he could restrain me with handcuffs. Once I was restrained Officer Rhoden proceeded to pistol whip me cutting my nose and lacerating my face. I fell back against my truck and Officer Rhoden fired two (2) shots in my direction, hitting the tailgate of my truck. While I was on the ground Officer Rhoden continued to hit me and kick me in the chest as I was trying to get up. I was unarmed and posed no threat to Rhoden.

At some point, after Officer Rhoden fired his weapon at me, Officer Ernie Cole pulled up to the scene and began assisting Officer Rhoden by also hitting me and kicking my person. Again I was unarmed, restrained and posed no threat to either officers Rhoden or Cole.

At some point I was taken Baptist Medical Center in Nassau County, Florida and treated for the cuts and lacerations to my face, ie., a 3.5 cm. longitudinal laceration down my nasal bone with wide separation of contused tissue and deep angular slashes

on the left cheek and lower chin. Doctor David Pietra-sick, the treating physican, closed the cut over my nose with (60) sixty stitches and treated the lacerations to my face. I was then released to the Nassau Sheriff's Department.

Once arriving at the Nassau County Sheriff's Facility I was arrested and charged with: one count of aggravated battery on a law officer; one count of fleeing or eluding a law officer; one count of possession of a schedule II hallucinogen w/intent to sell; and one count of resisting an officer. I was charged, by information, with one count of aggravated battery on a law officer and one count of fleeing or eluding an officer. I pled not guilty. The state amended the information again charging me with aggravated battery on a law officer but, increased the degree of fleeing and eluding an officer to aggravated fleeing or eluding. Again I pled not guilty. After a jury trial I was found not guilty of aggravated battery on a law officer and guilty of aggravated fleeing and eluding an officer. I received eight (8) years in prison.

While in the county jail, awaiting trial, I began having nightmares from the trauma of Officer Rhoden shooting at me during the December 29, 2008 arrest. Once arriving in the Florida Department of Corrections the nightmares became so intense I sought relief and treatment from the mental health department at Union Correctional Institution in Raiford, Florida. I am currently seeing a psychologist and being treated with daily doses of

9B

Remron to relieve my symptoms. I have been informed that I would, most likely, have to receive counseling and take medication for the rest of my life,

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

In the matter of Nassau County, Florida Officer Earice Ray Rhoden, Jr., in both his offical and individual capacities, compensatory relief in the sum of $300,000.00/100 for personal injury and mental anguish, and punative damages in the sum of $2,500,000.00/100 for excessive force and violence against an unarmed and restrained person.   → Cont.

In the matter of Nassau County, Florida Sheriff's Officer Ernie Cole, in both his offical and individual capacities, compensatory relief in the sum of $50,000.00/100 for personal injuries and mental anguish and punative damages in the sum of $250,000.00/100 for excessive force against an unarmed and restrained person.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this _22_ day of _December_, 20_10_.

_____

_____

_____

_William J Fussell_
(Signatures of all Plaintiffs)

DC 225 (Rev. 9/03)                    10 A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct of the foregoing was furnished to by U.S. mail, to Jolly & Peterson, P.A. Post Office Box 37400 Tallahassee, Florida 32315 this 22 day of December 2010.

/S/ William J Fussell